William E. Stewart, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*William E. Stewart*, for petitioner.

*R. D. Harburg*, of *Swartz, Campbell & Detweiler*, for respondent.

OPINION BY JUDGE ROGERS, April 14, 1980:

William E. Stewart has appealed from an order of the Workmen's Compensation Appeal Board affirming the decision of a referee dismissing his petition to set aside a final settlement receipt for workmen's compensation benefits. We affirm.

The appellant was employed as maintenance aide by the Philadelphia Housing Authority. In March 1973 he injured his back in the course of his employment and was unable to work for about six months, during which time he received workmen's compensation benefits. On August 23, 1973, he executed a final settlement receipt for workmen's compensation in the amount of $1,814.29, received his last payments and resigned from his employment. The appellant thereafter received no workmen's compensation benefits.

On August 2, 1977, almost four years later, he filed a claim petition for benefits alleging disability as a result of the same March 1973 injury. He requested that the petition be treated as a petition to set aside the final receipt and a referee conducted a hearing concerning the timeliness of the petition. The appellant appeared at the hearing with counsel and was the only witness to testify. After the hearing, the referee concluded that the petition was barred because it was filed more than three years after the final compensation payment and that the employer and its insurance carrier had neither falsely induced the claimant to refrain from filing timely nor acted fraudulently otherwise in dealing with the claim. The Appeal Board affirmed the referee's decision and this appeal followed.

Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001 provides:

> A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

The time period provided by Section 434 is an absolute bar to the right to obtain additional compensation and courts may not extend the period unless the claimant proves by clear and precise evidence of more than doubtful weight that the receipt was procured by

the employer's fraud or its equivalent. *Dennis v. E. J. Lavino & Co.*, 203 Pa. Superior Ct. 357, 201 A.2d 276 (1964). The appellant's petition was filed almost four years after the appellant received his final compensation payment.

The appellant says that there is no substantial evidence in the record to support the decision of the Board and referee that his employer was not guilty of fraud. Since the claimant had the burden and the case was decided against him, we look not to see whether there was substantial evidence supporting his cause but whether the Board's conclusions can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Keller*, 27 Pa. Commonwealth Ct. 263, 366 A.2d 623 (1976).

The appellant's only evidence of fraud or coercion was his testimony, given more than five years after the date of the final receipt, that he could not remember signing the receipt, that he was required to sign some unidentified paper in order to receive his last check, that he was told by his supervisor that he had to return to work, resign or be fired and that no one at the Philadelphia Housing Authority informed him of his right to workmen's compensation. He further testified:

THE REFEREE: Let me ask one question. Did anybody ever tell you not to file a petition, not to file this piece of paper that Mr. Duncan filed for you on August 2, 1977, the petition, here?

THE WITNESS: No; nobody.

. . . .

THE REFEREE: After they stopped the check, after that period of time, did anybody tell you that you would get compensation?

THE WITNESS: No.

This testimony was not the clear and precise evidence of more than doubtful weight that is necessary to establish fraud. Moreover, the appellant had ample opportunity within the three years allowed by Section 434 to challenge the validity of the final receipt and he in fact consulted both his union and a lawyer concerning his right to workmen's compensation during this period.

Order affirmed.

### Order

And Now, this 14th day of April, 1980, the order of the Workmen's Compensation Appeal Board is affirmed.