Gregory Gnall, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines Corp.), Respondents.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

526

*Robert J. Gillespie, Sr., Bigelow, Gillespie & Cooper,* for petitioner.

*James R. Pocius, Lenahan & Dempsey,* for respondents.

OPINION BY JUDGE CRAIG, July 19, 1983:

Gregory Gnall appeals from an order of the Workmen's Compensation Appeal Board, which reversed the referee's decision and denied Gnall's petition to set aside a final receipt.

Gnall suffered a compensable injury to his back on October 19, 1976, and his employer, Bethlehem Mines Corporation, made payments pursuant to The Pennsylvania Workmen's Compensation Act[1] until December 10, 1976, when Gnall signed a final receipt.

On October 13, 1978, Gnall again injured his back while working, and on March 12, 1980, he filed both a new claim petition and a petition to set aside the final receipt.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

After several hearings, at which the parties presented evidence on both petitions, the referee dismissed Gnall's claim petition, but granted his petition to set aside the final receipt and awarded compensation.

Bethlehem appealed that part of the referee's order setting aside the final receipt, and the board reversed the referee's decision on the grounds that Gnall had not filed the petition within the three-year time limit prescribed by §434 of the Act.[2]

Gnall argues here, essentially, that because his employer did not raise the §434 time limit before the referee, it waived the right to do so on appeal.

Following our limited scope of review,[3] we must reject Gnall's contention and affirm the board's order.

"The time period provided by Section 434 is an absolute bar to the right to obtain additional compensation and courts may not extend the period unless the claimant proves by clear and precise evidence of more than doubtful weight that the receipt was procured by the employer's fraud or its equivalent."

[2] Section 434 of the Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1001, provides, in relevant part:

A final receipt, given by an employee or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

[3] *Stewart v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 479, 413 A.2d 437 (1980).

528

*Stewart v. Workmen's Compensation Appeal Board,*
50 Pa. Commonwealth Ct. 479, 481-82, 413 A.2d 437,
439 (1980).

Gnall does not argue that he met that requirement;
indeed his brief does not even seek an opportunity to
present evidence of fraud or its equivalent.

The cases have firmly established that the time
limits of the Act are mandatory, and, in the absence
of a legally sufficient justification, a tribunal has no
authority to consider a late petition.[4]

Accordingly, we affirm.

ORDER

Now, July 19, 1983, the order of the Workmen's
Compensation Appeal Board, No. A-81173, dated De-
cember 24, 1981, is affirmed.

---

[4] *Overmiller v. D. E. Horn & Co.,* 191 Pa. Superior Ct. 562, 159
A.2d 245 (1960).