618 A.2d 1162

**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (WILLS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided Dec. 9, 1992.

Stephen A. Sawyer, Deputy City Sol., for petitioner.

Daniel J. McAleer, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The City of Philadelphia (City) appeals a Workmen's Compensation Appeal Board order which affirmed the referee's decision awarding benefits to Harry P. Wills. We reverse the board's order.[1]

The referee made the following findings of fact. Wills was employed by the City's police department as a corporal. He was responsible for the record keeping of the Police Operation Center at the Philadelphia International Airport and for the prisoners brought to the detention center by officers in the surrounding districts.

On May 20, 1985 while in the course of his duties, Wills experienced dizziness, blurred vision, slurred speech, and subsequently collapsed. His supervisor witnessed the incident and called a fire rescue squad for assistance. The claimant was diagnosed as suffering from arteriosclerotic cardiovascular disease, cerebral ischemic attacks secondary to embolism or spasm, and atrial fibrillation with attacks of cardiac decompensation.

Thereafter, on June 20, 1986 Wills filed a claim petition stating that the repeated physical and emotional stress of his job caused him to suffer a heart attack. Also, in his petition, he alleged that notice was given to his employer when he

1. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether there is substantial evidence in the record to support the findings of fact. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

"report[ed] to his superior who was present at the time of injury." The City, in its answer, specifically denied that notice was given. The referee determined that the City had actual knowledge of the claimant's collapse while on duty and of his diagnosed condition. The board, citing *Sheetz v. Workmen's Compensation Appeal Board (Firestone Tire and Rubber)*, 104 Pa.Commonwealth Ct. 411, 522 A.2d 146 (1987), affirmed the referee's decision and held notice is not required if the employer has actual knowledge of the occurrence of the injury.[2]

It is the City's argument that Wills did not give notice within one hundred and twenty days of his injury. Therefore, his claim is barred by statute.

The issue before the Court is whether an employer has notice of a work-related injury where an employe collapses at work and his supervisor calls for a fire rescue squad to transport the employe to a hospital.

This case implicates Section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631, which states:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence

---

**2.** The facts in *Sheetz* are not applicable to the present case. In *Sheetz*, there was a suspension agreement in force between the claimant and the employer. Further, there was an involved history between the claimant and the employer regarding the claim. Here, we are presented with a claim petition in which the nature of the injury and its causal relationship to the claimant's work is not obvious.

should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

Section 312 of the Act[3] provides:

The notice referred to in section three hundred and eleven shall inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified.

■ Section 311 of the Act makes notice to the employer within one hundred and twenty days of an injury arising in the course of employment a prerequisite to compensation under the Act. *Katz v. Evening Bulletin,* 498 Pa. 219, 445 A.2d 1190 (1982). It is the claimant who bears the burden of proof on the issue of notice. *Tady v. Workmen's Compensation Appeal Board,* 86 Pa.Commonwealth Ct. 582, 485 A.2d 897 (1985). The notice requirement is met when the employer has actual knowledge of a *compensable injury. Bertrand P. Tracey Co. v. Workmen's Compensation Appeal Board (Boles),* 93 Pa.Commonwealth Ct. 68, 500 A.2d 513 (1985) (emphasis added). We must decide if the City had actual notice of a compensable injury within one hundred and twenty days of the incident.

■ Wills' argument is that the City had actual knowledge of his injury on the day he was injured, as Wills' immediate superior witnessed his collapse and called the fire rescue squad for assistance. We agree that the City had actual knowledge of Wills collapse at work, due to the fact that Wills' superior called medical assistance for him. However, the record is devoid of any evidence that Wills informed the City within one hundred and twenty days of his collapse that it was due to a work-related injury.

Although the City had actual notice of Wills' collapse at work, it was incumbent on Wills to apprise the City that his collapse was causally related to his work. This he did not do

3. 77 P.S. § 632.

until thirteen months after the incident. Consequently, Wills fails to meet his burden of proving the requisite notice. Where the nexus between Wills' collapse and its causal relationship with his work is not clear, the City cannot be charged with notice that the injury was work-related. *City of Erie v. Workmen's Compensation Appeal Board (Shannon)* 147 Pa.Commonwealth Ct. 210, 607 A.2d 327 (1992).[4] Therefore, we hold that the board erred as a matter of law in concluding that the City had notice of a compensable injury, i.e., a work-related injury, when Wills collapsed at his desk.

Accordingly, the board's order is reversed.[5]

## ORDER

AND NOW, this 9th day of December, 1992, the order of the Workmen's Compensation Appeal Board at A91–0920, dated March 6, 1992 is hereby reversed.

---

4. In *Erie*, the claimant's heart attack did not occur at work. We do not regard that distinction as meaningful, since a claimant must still notify his employer within one hundred and twenty days that he is claiming a *compensable* injury.

5. Wills, in his brief, relies on *McCann v. Cross Brothers Meat Packers, Inc.*, 205 Pa.Superior Ct. 255, 208 A.2d 887 (1965), for the proposition that a formalistic notice statement is not necessary where the employer has knowledge of the occurrence of the injury. However, the facts in *McCann* are distinguishable from the present case. In *McCann*, there was a leak in the refrigeration system permitting ammonia fumes to escape into the claimant's working area. Further, the claimant's supervisor visited him in the hospital, and representatives of the employer's insurance carrier interviewed the claimant and members of his family. Here, the employer was not aware that Wills was alleging his collapse was a work-related injury until he filed the claim petition thirteen months after he collapsed.