**Henry STEIBING, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF HAZLETON), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1995.

Decided Sept. 29, 1995.

Bart E. Ecker, for petitioner.

Gillian T Bozik, for respondent.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Henry Steibing (Claimant) appeals an order of the Workmen's Compensation Appeal Board, which reversed a referee's order granting him benefits and, in filing the appeal, he raises an issue of first impression: where a claim has been held to be time barred by the failure to file a petition within the required three year limitation under Section 434 of the Workers Compensation Act, may a claimant raise at any time during the proceedings, even for the first time on appeal, the receipt of Heart and Lung benefits,[1] which would toll the running of the statutory time bar, because that defense, like the statute of repose under Section 434, is jurisdictional.

The underlying facts are as follows. Claimant was employed by the City of Hazleton (Employer) as a fire fighter. On May 13, 1982, he was involved in an automobile accident in the course of his employment and sustained an injury to his neck and back. A notice of compensation payable was issued by Employer for "back & neck sprain" and Claimant began to receive benefits. On January 17, 1983, Claimant executed a supplemental agreement stating that he had returned to work on December 1, 1982, at a wage equal to or greater than his pre-injury wages, and on January 27, 1983, he signed a final receipt and received a check for $1,993.29. Almost three years later, on December 29, 1985, Claimant left work because of pain in his left leg and underwent a laminectomy for a herniated disc on January 13, 1986.

When Claimant left work on December 29, 1985, he began receiving full salary Heart and Lung benefits from Employer. Those benefits continued until the fall of 1988, when Claimant filed for disability retirement.

On March 7, 1986, Claimant filed a claim petition alleging that, as a result of the May 13, 1982 neck and back injury, he became totally disabled as of December 29, 1985, the day he left work because of the pain in his left leg. The claim petition alleged that Claimant was unable to determine whether he sustained a new injury on December 29, 1985, or whether the pain was caused by a recurrence of his prior injury of May 13, 1982.[2] Employer filed an answer to Claimant's petition denying its material averments and raised as a defense the time bar either under Section 311[3] (120 day required notice of a new injury) or Section 434[4] (3–year time limitation for filing petition for recurrence of the old injury) of the Workers' Compensation Act (Act).[5] After conducting hearings on Claimant's petition, the referee determined that Claimant's disability in 1985 was caused

---

1. The Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637, commonly known as the Heart and Lung Act, provides that police officers and fire fighters may collect full salary benefits for temporary disabilities incurred in the performance of their duties.

2. Specifically, *Claimant's petition states that Claimant, as of the date of filing this Claim Petition is not able to determine whether or not he sustained a new injury or a recurrence of his old injury and, therefore, files this Petition to preserve his rights under the Workmen's Compensation Act.*
(Claim Petition, paragraph 9.)

3. Section 311 of the Workers' Compensation Act, 77 P.S. § 631 provides in pertinent part:
Unless the employer shall have knowledge of the occurrence of the injury, or unless the employee or someone in his behalf, shall give notice thereof to the employer within 21 days after the injury, no compensation shall be due until such notice is given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

4. Section 434 of the Act, 77 P.S. § 1001, provides as follows:
A final receipt given by an employee or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee ..., at any time within three years from the date to which payments have been made, set aside final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

5. Act of June 2, 1915, PL. 736, *as amended.*

*solely* by his May 13, 1982 work injury. The referee, however, dismissed Claimant's petition on the basis that it was filed more than three years after Claimant signed the final receipt and was, therefore, untimely under Section 434 of the Act.

Claimant appealed to the Board arguing that he began to receive Heart and Lung benefits on December 29, 1985, which tolled the running of the statutory limitation under Section 434 of the Act. The Board determined that, because Claimant failed to raise that issue before the referee, it was waived. The Board, however, remanded this case to the referee to make additional findings of fact, based on the existing record, on whether Claimant filed a timely claim for reinstatement benefits for a new injury. Claimant filed a petition for rehearing on the Section 434 issue, arguing that he, in fact, had raised the issue of the Heart and Lung payments before the referee. The Board then issued another order on November 15, 1990, directing the referee, on remand, to allow Claimant to introduce additional evidence on whether he received Heart and Lung benefits and to determine whether the receipt of those benefits resulted in his claim being timely filed.

On remand, the referee received additional evidence and determined that Claimant had indeed received Heart and Lung benefits from December 29, 1985 through the fall of 1988. However, he further determined that Claimant never raised the issue of those benefits tolling the statute of limitations in the initial proceedings, but, nevertheless, held that that issue was not waived by concluding that the issue was jurisdictional and could be raised at any time by the Claimant. The referee, on the merits of the case, determined that Claimant sustained a recurrence of his original work related injury, which

disabled Claimant from December 29, 1985 to January 1, 1989, and granted benefits.

Employer appealed to the Board, which reversed the referee's order. The Board held that Claimant's failure to raise the issue at the initial hearing on his petition was fatal. This appeal followed.

 The requirement in Section 434 that claimants must file a petition to set aside a final receipt within three years from "the date to which payments have been made," has been interpreted to be a statute of repose. *Gnall v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 75 Pa.Cmwlth. 525, 462 A.2d 930 (1983); David B. Torrey, *Time Limitations in the Pennsylvania Workmen's Compensation and Occupational Disease Acts: Theoretical Doctrine and Current Applications*, 24 Duq.L.Rev. 975 (1986). In contrast to statutes of limitation which limit the time in which a party may pursue a certain remedy, a statute of repose totally extinguishes a claimant's substantive rights, not merely the remedy, if the claim is not asserted within the time limits of the statute. *McDevitt v. Workmen's Compensation Appeal Board (Ron Davison Chevrolet)*, 106 Pa.Cmwlth. 207, 525 A.2d 1252 (1987), *appeal dismissed as improvidently granted*, 520 Pa. 119, 552 A.2d 1048 (1989). Statutes of repose are jurisdictional in that they may be raised by an employer at any time before the compensation authorities.[6] *Id.*

 The running of the three year time limitation in Section 434 of the Act can be tolled by, *inter alia*, payments of compensation or payments by an employer in lieu of compensation. *Scranton v. Workmen's Compensation Appeal Board*, 10 Pa.Cmwlth. 424, 310 A.2d 701 (1973). To prove the above

---

6. The reason why the limitation periods in the Act are interpreted to constitute statutes of repose is based on the fact that the Act creates rights in derogation of common law. More specifically,

> [s]tatutes in derogation of the common law were strictly construed, so that the time limitation which governed the right of action was considered to be part of the cause of action, and not merely a procedural limit on a common law remedy.

David B. Torrey and Andrew E. Greenberg, Pennsylvania Workers' Compensation Law: Law and Practice § 12:5. This is illustrated in *Ratto v. Pennsylvania Coal Co.*, 102 Pa.Superior Ct. 242, 247, 156 A. 749, 751 (1931), where the Superior Court reasoned with regard to Section 315 of the Act, 77 P.S. § 602:

> We are of the opinion that it was [the General Assembly's] intent to make the filing of a claim petition within the specified time an express condition of the right to obtain an award of compensation. . . .

'the claimant bears the burden of demonstrating that the monies were paid and received as compensation under the Act and not as wages for employment.' Such a fact 'must clearly appear in the record.' In meeting its burden of proof, 'the claimant must present sufficient evidence to support a finding that the employer intended to compensate an employee for loss of earning power due to a work related injury.' Accordingly, 'the fact payments were made to the employee while [he] or she was incapacitated and not working cannot alone support the conclusion that payments were made in lieu of compensation.'

Torrey and Greenberg § 12:70 (citations omitted).

Prior to 1974, there was no **specific** reference in Section 434 of the Act to Heart and Lung benefits tolling the limitations period. However, Section 434 was amended in 1974 by Section 4 of the Act of April 4, 1974, P.L. 239, which added the following language:

Where, however, a person is receiving benefits pursuant to ... the Heart and Lung Act, the two-year [7] period within which a referee may set aside a final receipt ... shall not begin to run until the expiration of the receipt of benefits pursuant to the Heart and Lung Act.

Several months later, however, the General Assembly, again, amended Section 434 of the Act, and deleted all reference to the Heart and Lung Act. Section 14 of the Act of December 5, 1974, P.L. 782. The December 1974 amendment is the latest version of Section 434 of the Act. See footnote 4, *supra.*

Nonetheless, the Heart and Lung Act itself contains the following language concerning the tolling of the limitation period in Section 434 of the Act:

In the case of any person receiving benefits pursuant to this act, the statutes of limitations in sections 306.1, 315, 413 and 434 of ... 'The Pennsylvania Workmen's Compensation Act,' shall not begin to run until the expiration of benefits pursuant to this act.

53 P.S. § 637(c).

■ While the General Assembly deleted the reference to the Heart and Lung Act from Section 434 of the Workers Compensation Act, it is clear from the Heart and Lung Act itself, that the receipt of Heart and Lung benefits tolls the three year running of the limitation period under Section 434.

On appeal before the Court, Claimant does not now argue, as he did before the Board, that he, in fact, raised the issue of the receipt of Heart and Lung benefits at the initial referee's hearing or that he presented evidence demonstrating that he had received such payments from Employer. Nor does Claimant argue that he was prevented by the referee from introducing such evidence.[8] Claimant, instead, argues that because the three year time bar under Section 434 is jurisdictional he may raise the defense of the payment of Heart and Lung benefits at any time, and, therefore, his failure to present evidence in the first referee's hearing does not result in the issue being waived; succinctly, since the time bar itself is jurisdictional and may be raised at any point in the proceedings, then so too is the statutory defense likewise a jurisdictional matter. We decline to adopt this argument.

---

**7.** The time bar was subsequently extended to three years by an amendment adopted on December 5, 1974.

**8.** Our own review of record confirms that Claimant never raised the issue of the receipt of Heart and Lung benefits at the initial hearing before the referee or placed any evidence in the record that he was receiving such payments. Claimant only testified on cross examination that he was receiving payments from Employer, in response to a question asking him to explain why he was not working:

Q. You're not working?

A. I'm being paid.... Its in our bargaining agreement that I get paid because of an on the job injury, until the case is settled, or what have you.

(Notes of Testimony, 2/11/87, at 26.) That testimony, however, is insufficient to sustain Claimant's burden of proof, since it does not establish that Claimant was receiving statutory benefits under the Heart and Lung Act or monies intended by Employer to constitute compensation under the Act. The testimony, at most, shows that Employer made payments to Claimant to satisfy a contractual obligation.

While an employer may raise Section 434 as a defense at any time, *Gnall*, the question of whether the three year time bar in Section 434 is tolled by Claimant's receipt of Heart and Lung benefits is a question of fact and Claimant had the burden to prove that fact. *Workmen's Compensation Appeal Board v. Niemann*, 24 Pa.Cmwlth. 377, 356 A.2d 370 (1976).

Furthermore, while the concept of the time bar as a statute of repose negating the right of the statutory cause of action has now been well established in the law, *Ratto*, on two grounds we decline to hold that the concept of the defense to that time bar is also jurisdictional.

First, the concept of two "negatives" principles combining to create an affirmative principle, a "positive", is illogical; there is no logical reason that the failure to plead and prove the defense of Heart and Lung payments may give life to that which has already been extinguished, *i.e.*, the statutory cause of action for benefits. Second, and equally important, is the statutory scheme of the Workers Compensation Act, wherein nowhere has the intent been expressed to condition the time bar of Section 434 with the negation of that statute of repose on the receipt of Heart and Lung benefits. Quite the opposite is apparent when we consider the legislative history which saw a specific reference to Heart and Lung benefits being placed in Section 434 of the Workers' Compensation Act for a brief period of only several months and then almost immediately excised; and, on the other hand, that provision has been consistently set out in another Act, the Heart and Lung Act. Because the tolling language is in the Heart and Lung Act and is not in the Workers' Compensation Act, we conclude it was the intent of the General Assembly to provide an affirmative defense which Claimant had to raise before the referee and failure to do so waives the issue. *See Department of Transportation, Bureau of Driver Licensing v. Boros*, 533 Pa. 214, 620 A.2d 1139 (1993) (where none of the parties in a proceeding to recall a driver's license raised Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794, as an affirmative de-

fense, it could not be raised for the first time on appeal).

In our view, Claimant was obligated to rebut Employer's Section 434 defense when was it was first argued, at the beginning of the proceedings in this matter. Claimant had ample opportunity to raise the issue and introduce evidence supporting it into the record; for whatever reason, he failed to do so. Regardless of the fact that an employer can raise the statutory limitation of Section 434 at any time, Claimant is not likewise procedurally entitled to raise the issue that the limitation period was tolled at any time.

Accordingly, the Board's order is affirmed.

### ORDER

NOW, September 29, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.