IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaime Brown,                          :
                    Petitioner        :
                                      :
        v.                            :
                                      :    No. 465 C.D. 2024
City of Philadelphia (Workers'        :
Compensation Appeal Board),           :    Submitted: December 9, 2024
                    Respondent        :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE McCULLOUGH                            FILED: January 17, 2025


          In this workers' compensation case, Jaime Brown (Claimant) petitions for
review of the April 5, 2024 order of the Workers' Compensation Appeal Board
(Board), which affirmed the March 3, 2023 order of a Workers' Compensation Judge
(WCJ), denying Claimant's Workers' Compensation (WC) reinstatement and penalty
petitions. Claimant argues that the WCJ and Board erred in finding that Claimant did
not receive wages in lieu of compensation from his employer and in finding no
violation of the Pennsylvania Workers' Compensation Act (Act).[1] As set forth below,
we affirm the opinion and order of the Board.

## I.      FACTS AND PROCEDURAL HISTORY

          This matter involves reinstatement and penalty petitions filed by
Claimant, a police officer employed by the City of Philadelphia (Employer). The
petitions allege that Employer unilaterally terminated Claimant's benefits in January

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1-1041.4, 2501-2710.

of 2022 after accepting his claim related to Covid-19 by the payment of wages in lieu of benefits. (WCJ Op. at 3.) Claimant alleges that in November of 2020, he had been out of work for a physical injury and returned to work on November 3, 2020, on restricted duty during which he stayed in the office and did paperwork. Claimant also alleged that the next day, November 4, 2020, he experienced Covid-19-like symptoms and that two weeks later, he was diagnosed with Covid-19. Claimant further contends that he believes he contracted Covid-19 at work and that he informed his supervisor that he contracted it while on the job. He was off work from November 4, 2020, until April 1, 2022. (WCJ's Findings of Fact No. 2(a)-(f).) Claimant did not file a claim petition seeking to establish a work-related exposure to Covid-19 and ongoing disability resulting from that exposure. While Claimant was absent from work, he received full pay without depleting his sick or vacation time and was informed that his time off was designated as "E-Time" (ET) or "excused time." Claimant's ET pay ended on March 5, 2022. From March 5, 2022, until April 1, 2022, Claimant was paid his normal salary through the use of his accrued vacation time. (WCJ's Findings of Fact No. 2(f)-(g).)

On January 28, 2022, Employer issued a Notice of Workers' Compensation Denial (NCD) denying liability for Claimant's alleged November 4, 2020 injury due to possible exposure to Covid-19. (Certified Record (C.R.) at 454.) The NCD acknowledged that Claimant gave notice, or Employer knew, of Claimant's alleged exposure to Covid-19 on November 4, 2022, but denied that Claimant's illness was work related. *Id.* On April 13, 2022, Claimant filed reinstatement and penalty petitions alleging that he sustained an injury causing decreased earning power, and that Employer violated the Act. (C.R. at 7-13.) According to the petitions, Employer

2

unilaterally terminated benefits in January 2022, after accepting a work-related Covid-19 claim with the payment of wages in lieu of benefits. *Id.*

Hearings were held before a WCJ on May 16 and October 17, 2022. (WCJ Op. at 3.) In a decision and order dated March 3, 2023, the WCJ denied the petitions due to Claimant's failure to meet his burden of proof. (WCJ's Conclusions of Law Nos. 2, 3.) The WCJ found that Employer's use of its ET payroll designation in this case did not constitute the payment of wages in lieu of workers' compensation benefits. (WCJ's Findings of Fact No. 13.) With respect to Claimant's penalty petition, the WCJ found that Employer had proven that it never intended its use of ET to be interpreted as an agreement to pay workers' compensation benefits and also had proven that its subsequent discontinuation of ET was never intended to be interpreted as a unilateral discontinuation of workers' compensation benefits. (WCJ's Findings of Fact No. 14.) Claimant appealed the denial to the Board.

On April 5, 2024, the Board issued an opinion and order affirming the WCJ's denial of Claimant's reinstatement and penalty petitions. The Board found that Claimant failed to show that the payments he received under the ET accounting designation were intended to constitute wages in lieu of WC benefits. Rather, the evidence established that "E-time" was made available to employees who were unable to work for whatever reason. The Board cited the deposition testimony of Deputy Director for Risk Management and Risk Manager Barry Scott. When asked whether Risk Management meant the payment of ET to be construed as an acknowledgement that a police officer had contracted Covid-19 at work, Mr. Scott answered "No." (Bd. Op. at 5.) Mr. Scott described ET as an administrative timekeeping category that was not related to disability. If a police officer filled out a COPA II form[2] and an

---

[2] A COPA II is an accident, injury, and illness form used by the City of Philadelphia to report work-related injuries. (Reproduced Record (R.R.) at R004a.)

3

investigation determined that the officer contracted Covid-19 at work, the officer would have been put on a disability program or the injured-on-duty (IOD) program. *Id.* at 6. The Board also reviewed a September 2, 2022 report from Dr. Michael Silverman who disagreed with Claimant that Claimant could have developed symptoms on November 4, 2020, due to an alleged exposure while working the day before. *Id.* at 7.

The Board concluded that the WCJ's finding that Employer did not intend to pay WC benefits simply because Claimant reported experiencing Covid-19-type symptoms was supported by credited testimony. The Board stated that "[b]ecause the WCJ found, based on the totality of substantial, competent evidence, that the payments made through the E-Time designation were not an acknowledgment that a police officer contracted Covid-19 at work, we will not disturb this finding on appeal." *Id.* at 9.

Claimant argued before the Board that the WCJ committed an error of law by finding that Claimant failed to establish an entitlement to the reinstatement of benefits after providing notice of a work injury. The Board stated that "[a]lthough the establishment of notice is not a part of Claimant's burden of proof in a reinstatement or penalty petition, Claimant had not yet established a compensable claim when those petitions were filed. Therefore, the onus was on Claimant to establish that [Employer] had actual knowledge of a compensable injury under the Act." *Id*. The Board then found that Claimant did not establish that he had given timely notice of a work-related injury to Employer. *Id.* at 11-12. As to this issue, the Board noted that "[i]n seeking reinstatement, it is a claimant's burden to establish that [he is] once again disabled because the work injury has increased or recurred." *Id.* at 12 n.14. Finally, the Board denied Claimant's penalty petition because it found that "Claimant failed to show that

4

Employer violated the Act by failing to 'reinstate' Claimant's workers' compensation benefits since Claimant never received such benefits in the first instance." *Id*. at 9.

## II.    ISSUES

Claimant raises three issues on appeal.  First, Claimant asserts that the Board and the WCJ committed errors of law when they denied Claimant the reinstatement of benefits.  He asserts that they did this by misapplying the law and failing to find that Claimant's benefits should be reinstated after wages were paid in lieu of compensation.  He also claims that Employer failed to file a timely Notice of Compensation Denial.  (Pet'r's Br. at 5.)  Second, Claimant argues that the Board and the WCJ committed errors of law by departing from the humanitarian purpose of the Act.  *Id.*  Finally, Claimant alleges that the Board and the WCJ committed errors of law when they failed to find that Employer had violated the Act.  *Id.*

## III.    DISCUSSION

Our review is limited to determining whether constitutional rights have been violated, whether an error of law has occurred, and whether the WCJ's findings of fact are supported by substantial evidence.  *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1205 n.6 (Pa. Cmwlth. 2020).  The law is well settled that "[t]he WCJ has exclusive authority to act as fact finder, determine the credibility of witnesses, and weigh the evidence.  The WCJ's findings will not be disturbed if they are supported by substantial, competent evidence." *Rogele, Inc. v. Workers' Compensation Appeal Board (Hall)*, 198 A.3d 1195, 1204 (Pa. Cmwlth. 2018) (quoting *Stepp v. Workers' Compensation Appeal Board (Fairpoint Communications, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014)).  On appeal, all evidence must be construed in favor of the party successful below.  *Id.*

5

## A. Payment of Wages in Lieu of Compensation

In order to determine whether payments made to an employee constitute payments in lieu of compensation, it is the *intent* of the payment, not the receipt thereof, which is relevant. *See also Findlay Township v. Workers' Compensation Appeal Board (Phillis)*, 996 A.2d 111, 117 (Pa. Cmwlth. 2010). In this regard:

> [T]he claimant bears the burden of demonstrating that the monies were paid and received as compensation under the Act and not as wages for employment. Such a fact must clearly appear in the record. In meeting its burden of proof, the claimant must present sufficient evidence to support a finding that the employer intended to compensate an employee for loss of earning power due to a work[-]related injury. Accordingly, the fact payments were made to the employee while [he] or she was incapacitated and not working cannot alone support the conclusion that payments were made in lieu in compensation.

*Steibing v. Workers' Compensation Appeal Board (City of Hazleton)*, 665 A.2d 865, 869 (Pa. Cmwlth. 1995).

In the present case, the WCJ found that while Claimant filed reinstatement and penalty petitions, he did not file an initial claim petition seeking to establish a work-related exposure to Covid-19 and ongoing disability resulting from that exposure. (WCJ Op. at 8.) Claimant, however, argues that the ET payments he received from Employer after he notified Employer that he believed he had contracted Covid-19 constituted wages in lieu of benefits under the Act.

Before the WCJ, the Board and this Court, Claimant relies on *Mosgo v. Workmen's Compensation Appeal Board (Tri-Area Beverage, Inc.)*, 480 A.2d 1285 (Pa. Cmwlth. 1984), to argue that an employer's failure to file a timely NCD indicates that the employer has accepted liability for a work injury. However, as the WCJ recognized, that case is distinguishable from the present case. In *Mosgo*, the employer

6

paid actual WC benefits under an expressed reservation, which the Court found to be null and void. In this case, Employer made no such expressed reservation of benefits.

After considering the evidence presented to the WCJ and her findings of fact, the Board affirmed the WCJ's finding that Employer's payment of ET was not intended to constitute the payment of wages in lieu of workers' compensation benefits. (Bd. Op. at 9.) The Board stated that when examining whether payments constitute wages in lieu of compensation, the intent behind the making of the payments is the critical legal element, which must be determined by considering the evidence relevant to the issue.

We agree and affirm the Board's finding on this issue because the record makes clear that there was substantial evidence to support the WCJ's finding that Claimant's Employer never admitted liability for compensation benefits. Here, Mr. Scott's deposition testimony indicated that "E time, or excused time, is a timekeeping tool that [] enables an employee to continue to receive their salary when they can't or they're not at work for whatever reason." (R.R. at R005a.) Mr. Scott further described ET as an administrative time[]keeping category that was not related to disability. *Id.* at 14. In addition, Employer presented the deposition testimony of Lieutenant Donald Lowenthal, the infection control officer for the police department, who testified that if an employee was not working because they reported they had Covid-19, that employee would be recorded in the system as out on E or administrative time, regardless of whether the reported exposure was deemed to be work related. (R.R. at R030a.)

Employer also submitted a report dated September 2, 2022 from Michael Silverman, M.D., who is board certified in internal medicine with a subspecialty in infectious diseases. Dr. Silverman stated that he did not think it was possible that Claimant had developed Covid-19 symptoms on November 4, 2020 due to an alleged work exposure that occurred on November 3, 2020. Dr. Silverman testified that Claimant reported he had been diligent about wearing a mask, he participated in social

7

distancing, and he had no direct contact with any known Covid-19 positive individual at work. The records also indicated no reports that Claimant had any Covid-19 positive coworkers on the day he worked. Even if there had been a Covid-19 positive individual with whom Claimant came into contact, it would be next to impossible to develop symptoms so close to exposure, as the usual incubation period is between 4 and 5 days and can be between 2 and 14 days. Dr. Silverman also stated that in his opinion there was no condition after November 16, 2020 preventing Claimant from performing his job. (WCJ's Finding of Fact No. 9(g) & (j).)

The WCJ found Claimant to be generally credible as to his Covid-19 symptoms on November 4, 2020, and his medical treatment (WCJ's Findings of Fact No. 10.) However, the WCJ did not credit Claimant's testimony "to the extent of his own opinion or belief that his Covid-19 symptoms were due to a work-related exposure to the virus." *Id.* The WCJ found the testimony of Mr. Scott and Lieutenant Lowenthal to be the most persuasive and credible regarding the purpose of ET benefits, which they testified was to protect the health and safety of police officers and other City employees while protecting others from Covid-19 exposure. (WCJ Findings of Fact Nos. 11 & 12.) In sum, we affirm the Board's finding that "based on the totality of substantial, competent evidence, that the payments made through the E-time designation were not an acknowledgement that a police officer contracted Covid-19 at work . . . ." (Bd. Op. at 9.)

## B. Proper notice of the injury

Section 311 of the Act, 77 P.S. § 631,[3] provides that, "[g]enerally, an employer will not be obligated to pay workers' compensation benefits unless a

---

[3] Section 311 of the Act provides in pertinent part:
> Unless the employer shall have knowledge of the occurrence of the
> injury, or unless the employee or someone in his behalf, shall give notice

**(Footnote continued on next page…)**

claimant or representative gives notice of the work-related injury to the employer within 120 days of the occurrence of the injury." *Allegheny Ludlum Corp. v. Workers' Compensation Appeal Board (Holmes)*, 998 A.2d 1030, 1033 (Pa. Cmwlth. 2010). Section 312 of the Act, 77 P.S. § 632, in turn, provides that the notice shall inform the employer that the employee "received an injury . . . in the course of his employment . . . ." Thus, the employer must not only be notified that the employee was injured but must also be notified that the injury was job related. *Rinehimer v. Workmen's Compensation Appeal Board*, 444 A.2d 1339 (Pa. Cmwlth. 1982). Whether an employee has given proper notice to his/her employer is a question of fact for the WCJ. *C. Hannah & Sons Construction v. WCAB (Days)*, 784 A.2d 860, 864 (Pa. Cmwlth. 2001).

While the WCJ did not make specific findings of fact regarding notice, the Board found that Claimant had failed to prove that he provided notice to Employer that he had developed Covid-19 at work. (Bd. Op. at 11.) The Board stated that "[a]lthough the establishment of notice is not part of Claimant's burden of proof in a reinstatement or penalty petition, Claimant had not yet established a compensable claim when those petitions were filed. Therefore, the onus was on Claimant to establish that [Employer] had actual knowledge of a compensable injury under the Act." *Id.*

Claimant argues that there is nothing in the record to contradict his testimony that he advised Employer that he believed he contracted Covid-19 at work.

---

thereof to the employer within 21 days after the injury, no compensation shall be due until such notice is given, and, unless such notice be given within [120] days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. § 631.

However, Claimant did not present testimonial evidence from his supervisor nor did he fill out the COPA II form required by his Employer indicating that he had suffered a work-related injury. As the Board noted, "Claimant failed to present the necessary medical evidence to establish the causal relationship between his work activities and disability . . . ." *Id.* at 13. The WCJ acknowledged that Claimant testified that he told his supervisor that he contracted Covid-19 on the job. (WCJ's Finding of Fact No. 2(d).) However, as noted by the Board, although the WCJ found Claimant's testimony to be generally credible, the WCJ did not credit Claimant's testimony indicating that his Covid-19 symptoms were due to work-related exposure to the virus. (WCJ's Finding of Fact No. 10.)[4] We note that "[i]t is the claimant who bears the burden of proof on the issue of notice. The notice requirement is met when the employer has actual knowledge of a *compensable injury*." *City of Philadelphia v. Workmen's Compensation Appeal Board (Wills)*, 618 A.2d 1162, 1164 (Pa. Cmwlth. 1992) (emphasis in original). "Where the nexus between the injury and its causal relationship with work is not clear, the employer cannot be charged with notice that the injury was work related." *Id.* We therefore affirm the Board's determination on this issue.

### C. Penalty Petition

Finally, Claimant alleges that the WCJ and the Board erred by failing to conclude that Employer violated the Act. Claimant contends that a WCJ is authorized to impose penalties on an employer or insurer if there is a violation of the Act. Claimant concedes that in considering a claim for penalties, the WCJ has the sole discretion in deciding whether penalties are warranted and that here the WCJ

---

[4] Although Claimant argues that his testimony that he advised his supervisor of contracting Covid-19 on the job is uncontradicted, a WCJ is not required to accept uncontradicted testimony as true. *See Adamo v. Workmen's Compensation Appeal Board (Jameson Memorial Hospital)*, 486 A.2d 1065, 1067 (Pa. Cmwlth. 1985).

10

specifically found that Claimant had failed to show that Employer had violated the Act. (Pet'r's Br. at 30.) Nevertheless, Claimant argues that by failing to find that Employer violated the Act, the Board and the WCJ have disregarded the remedial and humanitarian purposes of the Act by favoring the employer over the employee. *Id.*

Claimant argues Employer committed two violations of the Act. First, Claimant contends that Employer's failure to investigate Claimant's claim of work-related injury within 21 days of receiving notice of that work-related injury violated the Act. (Pet'r's Br. at 31.) Second, Claimant argues that Employer further violated the Act when it stopped paying benefits to Claimant. *Id.* at 32. While Claimant does not cite a provision of the Act for this last argument, we note that under Section 413(b) of the Act, an insurer who unilaterally suspends, terminates or decreases payments of compensation shall be subject to a penalty. 77 P.S. § 774.1.[5] Claimant requests as a penalty for Employer's violations of the Act that his benefits be reinstated from March 5, 2022 forward and that he be awarded a 50% penalty on all past due benefits due to Employer's violations of the Act.

We note that a claimant who files a penalty petition has the burden of proving a violation of the Act. *Allegis Group & Broadspire v. Workers' Compensation Appeal Board (Coughenaur),* 7 A.3d 325 (Pa. Cmwlth. 2010). In the present case, the WCJ specifically found that Claimant had failed to meet his burden of proving that Employer violated the Act, rules, or regulations. (WCJ's Conclusion of Law 3.) The Board also considered these arguments and affirmed the WCJ's denial of the penalty petition. Because Claimant has not met his burden of proving a violation of the Act, we likewise affirm the WCJ's denial of the penalty petition.

---

[5] This provision was added by the Act of February 8, 1972, P.L. 25.

## IV.   CONCLUSION

For the reasons discussed above, we affirm the Board's order affirming the denial of Claimant's reinstatement and penalty petitions.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Dumas did not participate in the decision for this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaime Brown,                              :
               Petitioner               :
                                       :
     v.                           :
                                       :   No. 465 C.D. 2024
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
             Respondent            :

## _ORDER_

AND NOW, this 17th day of January, 2025, the April 5, 2024 Order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge