IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| RB Alden Corp., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 73 F.R. 2011 |
| | : | Argued: September 10, 2019 |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                              FILED: November 21, 2019

          This case returns to us following the Pennsylvania Supreme Court's
remand in *RB Alden Corp. v. Commonwealth*, 194 A.3d 125 (Pa. 2018) (*Alden III*)
"for reconsideration in light of" *Nextel Communications of the Mid-Atlantic, Inc. v.
Commonwealth*, 171 A.3d 682 (Pa. 2017), *cert. denied*, 138 S. Ct. 2635 (2018).
This matter concerns the "net loss carryover" (NLC) provision contained in
Section 401(3)4.(c)(1)(A)(I) of the Tax Reform Code of 1971 (Tax Code),[1] for the

_____

          [1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7401(3)4.(c)(1)(A)(I).  This section
provides:

          (c)(1) The net loss deduction shall be the lesser of:

                    (A)(I) For taxable years *beginning before January 1, 2007*, two
                    million dollars ($2,000,000); . . . .

72 P.S. §7401(3)4.(c)(1)(A)(I) (emphasis added).

tax year ended December 31, 2006 (2006 Tax Year), which imposed a $2 million dollar cap on the amount of loss a corporation could carry over from prior years as a deduction against its taxable income. In *Nextel*, our Supreme Court determined that a similar flat-dollar cap of the NLC provision for tax year ended December 31, 2007 (2007 Tax Year) violated the Uniformity Clause of Article 8, Section 1 of the Pennsylvania Constitution by creating a non-uniform classification based solely on the taxpayer's income, and fashioned an appropriate remedy.

Guided by *Nextel*, we are now tasked with determining the proper remedy to cure the constitutional infirmity for the 2006 Tax Year: (1) severing the $2 million flat-dollar deduction or (2) severing the entire NLC provision from the Tax Code. Upon review, we conclude that only the flat-dollar deduction must be severed from the Tax Code, and we reverse the Board of Finance and Revenue's (F&R) order and remand for the recalculation of RB Alden Corp.'s (Taxpayer) taxes based on the reasons set forth in our decision in *General Motors Corporation v. Commonwealth*, __ A.3d __ (Pa. Cmwlth., No. 869 F.R. 2012, filed November 21, 2019).[2]

## I. Procedural Background

We briefly address the procedural posture of this case.[3] Taxpayer, a Delaware corporation domiciled in New York, filed a petition with the Board of Appeals seeking reassessment of its taxes for the fiscal tax year beginning July 1, 2006, and ending June 30, 2007 (Fiscal Year 2006). Taxpayer challenged the

---

[2] *GM* was argued seriately with this case on September 10, 2019.

[3] A detailed recitation of the facts is set forth in this Court's opinion in *RB Alden Corp. v. Commonwealth*, 142 A.3d 169 (Pa. Cmwlth. 2016) (*Alden I*).

Department of Revenue's (Department) classification of additional corporate net income tax (CNI Tax) liability of approximately $2.25 million, plus interest, based on a $29.9 million capital gain profit resulting from Taxpayer's sale of a partnership interest in June 2007.

Taxpayer challenged the Department's classification of the gain as business income, asserting that the sale of the partnership interest was nonbusiness income and should not be sourced to Pennsylvania. After a hearing, the Board of Appeals denied Taxpayer's request for classifying the sale of the Partnership as nonbusiness income, denied its request to source the sale outside of Pennsylvania, and sustained the Department's assessment in its entirety.

Taxpayer appealed to F&R, requesting again nonbusiness income treatment for the gain from the partnership interest sale and the ability to source the sale outside of Pennsylvania. F&R denied Taxpayer's request, finding that the partnership sales gain constituted business income and Taxpayer's interests in the partnership subjected it to Pennsylvania CNI Tax because the partnership does business in Pennsylvania.

On further appeal to this Court, Taxpayer asserted that F&R erred in concluding that it owed Pennsylvania CNI Tax on the $29.9 million capital gain profit resulting from the sale of the partnership interest. In support of its position that it did not owe Pennsylvania CNI Tax, Taxpayer contended: (1) the gain from the sale of the partnership interest is "nonbusiness income" under Section 401(3)2.(a)(1)(D) of the Tax Code, 72 P.S. §7401(3)2.(a)(1)(D), not "business income" under Section 401(3)2.(a)(1)(A) of the Tax Code, 72 P.S. §7401(3)2.(a)(1)(A); (2) if the gain is business income, the gain must be

3

excluded from its apportionable[4] tax base under the doctrines of multiformity or unrelated assets; (3) if the gain is apportionable business income, the gross proceeds from the sale of the partnership interest should be sourced to New York, the state in which it is headquartered, for purposes of calculating the sales factor of its CNI Tax apportionment fraction, rather than Pennsylvania, where the property from which the sale is derived is located; (4) the tax benefit rule must be applied to calculate any taxable gain realized by it on the sale of its partnership interest; and (5) if the gain is apportionable business income, Taxpayer is entitled to claim an NLC deduction in excess of the $2 million provided for in Section 401(3)4.(c)(1)(A)(I) of the Tax Code, because the $2 million cap violates the Uniformity Clause.

In *Alden I*, this Court addressed each of those issues. We concluded that the gain from the sale of the partnership interest was "business income" for purposes of the CNI Tax, which was constitutionally taxable and proportionable to Pennsylvania. *Alden I*, 142 A.3d at 176. We rejected Taxpayer's argument that the gain, as business income, must be excluded from Taxpayer's apportionable tax base under the doctrines of multiformity or unrelated assets, and we further concluded that all of the gain is apportionable to Pennsylvania. *Id.* at 177-79. We also held that the tax benefit rule, if at all applicable in Pennsylvania, did not apply in the context of the CNI Tax at issue in this matter. *Id.* at 180-83. Finally, and relevant to the matter now before the Court, we held that Section 401(3)4.(c)(1)(A)(I)'s $2 million flat-dollar limitation on the NLC deduction violated the Uniformity Clause. *Id.* at 184-86. Thus, we reversed the order of

---

[4] "Apportionable" income is income that "is divided among states with some nexus to the business based on a formula." *Glatfelter Pulpwood Co. v. Cmwlth.*, 19 A.3d 572, 576 n.3 (Pa. Cmwlth. 2011) (*en banc*), *aff'd*, 61 A.3d 993 (Pa. 2013).

F&R and directed the Department to calculate Taxpayer's CNI Tax without capping the amount that it can take on its net loss carryover. *Id.* at 186.

Thereafter, the Commonwealth and Taxpayer both filed timely exceptions. This Court overruled the Commonwealth's exceptions and dismissed Taxpayer's exceptions as moot. *See RB Alden v. Commonwealth*, 169 A.3d 727 (Pa. Cmwlth. 2017) (*en banc*) (*Alden II*).

Both parties appealed to the Supreme Court. By per curiam order, the Supreme Court vacated this Court's final order and remanded the matter "for reconsideration in light of" *Nextel*, which was decided *after* this Court decided *Alden I* and *Alden II*. Consequently, we did not have the benefit of the Supreme Court's analysis in *Nextel* when rendering our decisions.

In *Nextel*, the Supreme Court examined whether the NLC provision for the 2007 Tax Year, which restricted the amount of loss a corporation could carry over from prior years as a deduction against its 2007 taxable income to whichever is greater: 12.5% of the corporation's 2007 taxable income or $3 million, violated the Uniformity Clause. *See* 72 P.S. §7401(3)4.(c)(1)(A)(II). The Supreme Court held that the flat-dollar limitation violated the Uniformity Clause because it created two classes of "taxpayers solely on the basis of their income." *Nextel*, 171 A.3d at 699-700.

As for the appropriate remedy, the Supreme Court conducted an in depth severability analysis, with special emphasis on legislative intent. *Id.* at 701. "The 'touchstone' for determining legislative intent in this regard is to answer the question of whether, after severing the unconstitutional provisions of a statute, 'the legislature [would] have preferred what is left of its statute to no statute at all.'" *Id.* at 703 (quoting *D.P. v. G.J.P.*, 146 A.3d 204, 216 (Pa. 2016)). The Supreme Court found:

5

> [T]he overall structure of the NLC reflects the legislature's intent to balance the twin policy objectives of encouraging investment (by allowing corporations to deduct some of the losses they sustain when making such investments against their future revenues), and ensuring that the Commonwealth's financial health is maintained (through the capping of the amount of this deduction).

*Id.* at 704.

The Supreme Court then considered the following three severability options to cure the constitutional infirmity:

> (1) sever the flat $3 million deduction from the remainder of the NLC; (2) sever both the $3 million and 12.5% deduction caps and allow corporations to claim an unlimited net loss—the remedy chosen by the Commonwealth Court majority; or (3) strike down the entire NLC and, thus, disallow any net loss carryover.

*Id.* at 703.

The Supreme Court determined that the first option of severing the $3 million flat deduction from the remainder of the statute while preserving the percentage cap[5] was the most consistent with legislative intent because it furthered the legislature's twin policy objectives of encouraging business investment and maintaining the Commonwealth's financial health. *Id.* at 704.

Turning to this remand, the parties agree that this Court in *Alden I* properly held that Section 401(3)4.(c)(1)(A)(I)'s flat-dollar limitation violated the Uniformity Clause. At issue, however, is whether, in light of *Nextel*, we correctly held that the appropriate remedy to cure the constitutional infirmity was to sever

---

[5] For tax years between 2007 and 2017, the NLC deduction included both a flat-dollar cap *and* a percentage cap. *See* 72 P.S. §7401(3)4.(c)(1)(A)(II)-(VII). For the tax years between 1994 and 2006, the NLC deduction included only a flat-dollar cap. *See* 72 P.S. §7401(3)4.(c)(1)(A)(I).

6

the flat-dollar limitation from the statute, and thus allow Taxpayer to claim an unlimited NLC deduction against its Pennsylvania CNI Tax for the 2006 Tax Year. Unlike the NLC provision involved in *Nextel*, Section 401(3)4.(c)(1)(A)(I) of the Tax Code does not contain a percentage cap alternative.

In *GM*, this Court addressed the same issue and similar arguments in connection with the 2001 Tax Year. For the reasons set forth in *GM*, we reverse F&R's order, and we remand the matter to F&R to recalculate Taxpayer's CNI Tax for Fiscal Year 2006 in accordance with the foregoing opinion.[6]

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

_____

[6] In the event this Court did not find in favor of Taxpayer on this issue, Taxpayer also raised issues relating to the tax benefit rule. However, those issues were not affected by the *Nextel* decision, and they exceed the specific and limited scope of the Supreme Court's remand order. *See Alden III*. As this Court has explained:

> "[I]t has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order." *Commonwealth v. Sepulveda*, [] 144 A.3d 1270, 1280 n.19 ([Pa.] 2016). In *Levy v. Senate of Pennsylvania*, 94 A.3d 436 (Pa. Cmwlth.), *appeal denied*, [] 106 A.3d 727 (Pa. 2014), which the Supreme Court cited with approval in *Sepulveda*, this Court explained: "Where a case is remanded for a specific and limited purpose, 'issues not encompassed within the remand order' may not be decided on remand. A remand does not permit a litigant a 'proverbial second bite at the apple.'" *Levy*, 94 A.3d at 442 (quoting *In re Indep. Sch. Dist. Consisting of the Borough of Wheatland*, 912 A.2d 903, 908 (Pa. Cmwlth. 2006)).

*Marshall v. Commonwealth*, 197 A.3d 294, 306 (Pa. Cmwlth. 2018). Consequently, we will not address Taxpayer's issues relating to the tax benefit rule.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RB Alden Corp.,                  :

                        :

           Petitioner   :

                        :

       v.             :  No. 73 F.R. 2011

                        :

Commonwealth of Pennsylvania,  :

                        :

          Respondent :

# **O R D E R**

AND NOW, this 21st day of November, 2019, the order of the Board of Finance and Revenue (F&R) dated December 17, 2010, is REVERSED, and this matter is REMANDED to F&R to recalculate RB Alden's corporate net income tax for the fiscal tax year beginning July 1, 2006, and ending June 30, 2007, in accordance with the foregoing opinion. Unless exceptions are filed within thirty (30) days pursuant to Pa. R.A.P. 1571(i), this Order shall become final.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RB Alden Corp.,                                  :
                              Petitioner         :
                                                 :
            v.                                   :        No. 73 F.R. 2011
                                                 :        Argued:  September 10, 2019
Commonwealth of Pennsylvania,                    :
                              Respondent         :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**CONCURRING AND DISSENTING**
**OPINION BY JUDGE BROBSON**            **FILED:  November 21, 2019**


            I agree with the majority's analysis and conclusion with respect to the constitutionality of the net loss carryover (NLC) deduction provision for the fiscal tax year ending December 31, 2006 (2006 Tax Year), which caps the deduction at $2 million.[1]  The cap discriminates against taxpayers based solely on the amount of income and, therefore, violates the Uniformity Clause of the Pennsylvania Constitution.[2]  *Nextel Commc'ns of the Mid-Atlantic, Inc. v. Dep't of Revenue*, 171 A.3d 682, 696 (Pa. 2017) (*Nextel II*), *cert. denied*, 138 S. Ct. 2635 (2018). I, therefore, concur with this portion of the majority's analysis and disposition.

---

[1] Section 401(3)4.(c)(1)(A)(I) of the Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7401(3)4.(c)(1)(A)(I).

[2] Pa. Const. art. VIII, § 1.

As much as I would like to agree with the majority's severance analysis and its decision to award RB Alden Corporation an *unlimited* NLC deduction for the 2006 Tax Year, I must respectfully dissent as to this portion of the majority's decision for the reasons set forth in my concurring and dissenting opinion in *General Motors Corporation v. Commonwealth*, ___ A.3d ___ (Pa. Cmwlth., No. 869 F.R. 2012, filed November 21, 2019.

_____
P. KEVIN BROBSON, Judge