639 A.2d 1322

**Charles MUSNUFF, Appellant,**

**v.**

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1994.

Decided March 31, 1994.

Reargument Denied May 12, 1994.

Francis X. Kelly, for appellant.

Marie C. Lasota, Asst. City Sol., for appellee.

Before COLINS and NEWMAN, JJ., and DELLA PORTA, Senior Judge.

NEWMAN, Judge.

Charles Musnuff (Musnuff) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying his motion for new trial. For the reasons which follow, we affirm.

Musnuff was injured on January 29, 1984, while ice skating at an outdoor skating rink owned and operated by the City of Philadelphia (City). On January 10, 1985, Musnuff filed a complaint against the City alleging that the City was negligent in, *inter alia,* failing to maintain the surface of the ice in a condition reasonably suited for ice skating, permitting a hazardous defect or hole in the ice to exist, and failing to make a reasonable inspection. Musnuff further alleged that as a direct result of the City's negligence, one of his skates struck a defect or hole in the ice surface which caused him to fall and to sustain serious injuries.

The City filed an answer and new matter, asserting immunity under what is commonly referred to as the Political Subdivision Tort Claims Act (Act)[1], assumption of the risk, and comparative and/or contributory negligence on the part of Musnuff.

A jury trial commenced and both parties presented evidence as to the condition of the ice at the time of the incident, supervision of skaters by City employees, and the "hole" which allegedly caused Musnuff to fall. The jury returned a verdict in favor of the City. Specifically, the jury found that the City was negligent, but that this negligence was not a substantial factor in bringing about Musnuff's harm.[2]

1. Sections 8541–8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

2. The jury verdict questionnaire provided in pertinent part as follows:
   *Question 1:*
   Do you find that the Defendant City of Philadelphia was negligent? Yes X No ___
   If you answered Question 1 "NO", the plaintiff cannot recover and you should not answer any further questions and you should return to the courtroom.
   *Question 2:*

Musnuff filed a motion for post-trial relief seeking a new trial. In his motion, Musnuff asserted that the trial court erred in instructing the jury on the issue of causation. Musnuff further asserted that the trial court erred in omitting a proposed jury instruction on the issue of concurrent causes, and the trial court erred in explaining the law under *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). By order dated January 29, 1993, the trial court denied Musnuff's motion.

On appeal to this court, the following issues are presented: (1) whether the trial court erred in instructing the jury on the issue of causation; (2) whether the trial court erred in discussing the issue of assumption of the risk in its opinion denying Musnuff's motion for a new trial when the issue was not raised by the parties; and (3) whether the trial court erred in failing to grant judgment notwithstanding the verdict (JNOV).[3]

■ With respect to the first issue, Musnuff asserts that the jury, having found negligence, clearly would have found that negligence to be a substantial factor had it not been for the trial court's incorrect instructions. Specifically, Musnuff asserts that the trial court erred in failing to charge the jury in accordance with Musnuff's proposed point for charge eighteen (18) concerning concurrent causes, and that the trial court's charge on the issue of causation was not in accordance with our Supreme Court's decision in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992).

■ A trial court may reject a party's requested point for charge so long as its charge is a complete and accurate.

Was the negligence of the City a substantial factor in bringing about the Plaintiff's injuries?

Yes ___ No _X_

If you answered Question 2 "No", the plaintiff cannot recover and you should not answer any further questions and you should return to the courtroom.

3. Our scope of review of an order of a trial court denying a motion for new trial is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Milan v. Department of Transportation,* 153 Pa.Commonwealth Ct. 276, 620 A.2d 721, *petition for allowance of appeal denied,* 535 Pa. 650, 633 A.2d 154 (1993).

statement of the relevant law. *Volponi v. Borough of Bristol,* 122 Pa.Commonwealth Ct. 192, 551 A.2d 657 (1988), *petition for allowance of appeal denied,* 522 Pa. 626, 564 A.2d 918 (1989). In determining whether jury instructions given by a trial court constitute reversible error, this court must review the charge in its entirety and determine whether those instructions have caused prejudicial error. *Sacco v. City of Scranton,* 115 Pa.Commonwealth Ct. 512, 540 A.2d 1370 (1988), *petition for allowance of appeal denied,* 524 Pa. 601, 568 A.2d 1251 (1989).

Musnuff asserts that the jury was entitled to be charged that so long as the City's negligence was a substantial factor in causing the injuries, the City is liable. Therefore, Musnuff contends that the trial court committed reversible error in failing to charge the jury in accordance with his proposed point for charge eighteen (18), which provided as follows:

Where the negligent conduct of a defendant combines with other circumstances and other forces to cause the harm suffered by the plaintiff, the *defendant is responsible for the harm if its negligent conduct was a substantial contributing factor in bringing about the harm,* even if the harm would have occurred without it.

Reproduced Record (R.R.) at 496a (Emphasis added).

What Musnuff's argument seems to ignore, however, is the fact that the jury in this case answered, "No", to the question, "Was the negligence of the City a substantial factor in bringing about the Plaintiff's injuries?" R.R. at 437a–438a. Thus, even under Musnuff's proposed charge, having found that the City's negligence was not a substantial factor in bringing about Musnuff's injuries, the jury could not have found the City liable. Accordingly, the trial court's failure to charge the jury in accordance with proposed jury instruction eighteen (18) was not prejudicial to Musnuff and cannot be considered reversible error. *See Sacco* (appellant's alleged error in the trial court's instruction to the jury regarding comparative negligence was harmless, in light of the fact that the jury never reached the question of appellant's comparative negligence.)

Musnuff next asserts that the trial court committed reversible error in refusing to charge the jury on the issue of causation in accordance with the Supreme Court's decision in *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992). The issue presented in *Crowell* was whether third-party non-criminal negligence could preclude joint-tortfeasor liability from being imposed on a governmental unit. The Supreme Court held that "the governmental unit can be subject to liability despite the presence of an additional tortfeasor if the governmental unit's actions would be sufficient to preclude it from obtaining indemnity from another for injuries rendered to a third person." 531 Pa. at 407, 613 A.2d at 1184.

While discussing the proposed points for charge with the trial court, Musnuff's counsel stated, "Plaintiff has not placed nor had [sic] defendant placed any evidence into this record to suggest to the jury that it was the act of a third party [that caused Musnuff's injuries]" R.R. at 300a. Counsel continued, stating, "There was testimony as to the figure skaters, but we did not suggest to the jury that the point of the case was that someone else caused the defect." *Id.*

Moreover, we note that in his reply brief Musnuff states, "In [this] case the negligence of the City was not merely imputed or constructive. There was no other responsible party. If there had been, assuredly the City would have raised this defense. . . . Rather, the operative negligence was of the City's own employees who did not maintain and monitor the ice." Appellant's Reply Brief at 7. Because Musnuff has clearly conceded that the City was the only potentially responsible party, and that third-party noncriminal negligence was not at issue in this case, *Crowell* is inapplicable.

We have reviewed the trial court's charge in its entirety and find no prejudicial error. Accordingly, we affirm the decision of the trial court on this issue.

■ The next issue presented is whether the trial court erred in addressing the issue of assumption of the risk in its opinion denying Musnuff's motion for new trial when the issue was not raised by either of the parties. Although assumption

of the risk was raised as an affirmative defense by the City in its answer and new matter, the City did not pursue the issue at trial. Moreover, the trial court did not instruct the jury on the issue. In fact, on appeal to this court, the City concedes that the issue is irrelevant to this case. Thus, any discussion of assumption of the risk in the trial court's opinion is simply *dicta* and, not controlling because the issue has been waived. *See Commercial Credit Corporation v. Cacciatiore,* 343 Pa.Superior Ct. 430, 495 A.2d 540 (1985). Accordingly, we conclude that the alleged error of the trial court in discussing an extraneous issue in its opinion is not reversible error.

■ The third and final issue presented is whether the trial court erred in failing to grant JNOV. With respect to this issue, Musnuff contends that although he did not use the express nomenclature JNOV in his post-trial motion, he is entitled to the same in light of the jury's finding that the City was negligent. We disagree.

■ We need not reach the merits of Musnuff's assertion that he is entitled to JNOV because Musnuff's failure to request JNOV before the trial court is fatal to his claim. Pa.R.A.P. 302; Pa.R.C.P. 227.1(b). An appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court. *Department of Transportation v. Boros,* 533 Pa. 214, 620 A.2d 1139 (1993).

Accordingly, the order of the trial court is hereby affirmed.

### ORDER

AND NOW, March 31, 1994, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.