IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of Prestige Design on Jefferson LLC | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Board of Revision of Taxes Philadelphia, School District of Philadelphia, and City of Philadelphia | : | |
| | : | |
| | : | |
| | : | |
| Appeal of: Prestige Design on Jefferson LLC | : | No. 343 C.D. 2024 |
| | : | Submitted: July 7, 2025 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: August 27, 2025


Prestige Design on Jefferson LLC (Prestige on Jefferson) appeals from an order of the Court of Common Pleas of Philadelphia County (Common Pleas) disposing of an appeal from the refusal of the Board of Revision of Taxes of Philadelphia (Board) to allow a *nunc pro tunc* appeal from the denial of a tax abatement application. Common Pleas granted a motion to quash the appeal and dismissed the appeal for lack of subject matter jurisdiction. In the same order, and notwithstanding its quashal for lack of jurisdiction, Common Pleas also purported to deny the appeal for lack of merit and affirm the Board's refusal to entertain an appeal. Upon review, we affirm Common Pleas' dismissal of the appeal for lack of subject matter jurisdiction and vacate Common Pleas' denial of the appeal on the merits and affirmation of the Board's action.

# I. Background

On June 14, 2017, Prestige on Jefferson's predecessor in interest received a building permit for construction on property located at 1441 N. 7th St., Philadelphia (Property). Reproduced Record (RR) at 91a. The City of Philadelphia (City) offers property tax abatement for certain construction projects; it is undisputed that to qualify for abatement, an application for abatement must be submitted to the City's Office of Property Assessment (OPA) within 60 days after issuance of the relevant building permit. *See id.* at 96a & 135a. Here, therefore, the tax abatement application had to be filed by August 13, 2017. *Id.* at 43a. However, no abatement application was submitted to the OPA until May 18, 2019, almost two years after issuance of the building permit. *Id.* at 43a & 93a; *see also id.* at 135a-36a (admitting that no tax abatement application was filed in 2017 or 2018). The OPA denied the abatement application as untimely. *Id.* at 93a & 96a.

In August 2019, Prestige on Jefferson's previous attorney filed a petition to appeal the denial to the Board, requesting *nunc pro tunc* relief to allow late filing of the tax abatement application. RR at 45a-46a & 98a-99a. The petition listed the petitioner's address as "534 E. Girard Avenue, Phila, PA 19125" and stated as justification for *nunc pro tunc* relief that "Prestige [on Jefferson] had a fire and subsequent water damange [sic] to the office[1] and a partial collapse [sic] which destroyed records. Additionally, personnel quit and records could not be located." *Id.* at 96a.

---

[1] The fire allegedly occurred in approximately May 2017 in the private residence of Ofir Komerian (Komerian), the sole owner of Prestige on Jefferson. RR at 131a & 136a. Before Common Pleas, Komerian did not testify that loss of any records in the fire caused untimely filings related to the tax abatement, but rather, only that his hired agents, an expediter and prior legal counsel, did not make timely filings. *See id.* at 136a-38a.

The Board scheduled a hearing on March 10, 2020, and sent notice of the impending hearing to the address for Prestige on Jefferson that had been listed on the petition to the Board. RR at 101a. Prestige on Jefferson asserts that it had relocated its business office 8 to 10 years before and that, as a result, neither Prestige on Jefferson nor its previous attorney received notice of the hearing. *Id.* at 138a. When no one appeared at the hearing on behalf of Prestige on Jefferson, the Board entered a *non pros* determination. *Id.* at 39a, 43a & 103a. ***No appeal to Common Pleas was ever taken from the Board's decision.***

Over three years later, on October 30, 2023, Prestige on Jefferson, through new counsel, submitted to the OPA what purported to be a new tax abatement application for the Property, ***based on the same June 2017 building permit*** but listing the beginning tax year for abatement as 2023. RR at 21a & 23a. The second application, like the first, was denied by the OPA as untimely. *Id.* at 22a & 69a. Prestige on Jefferson then sought to file what it asserted was a timely appeal to the Board from the OPA's denial of the second application. *Id.* at 20a-21a. The Board refused to accept the appeal form, explaining in two email communications that it had already held a hearing in 2020 related to the same building permit, that the appeal had been marked abandoned for failure to appear, and that ***the Board's decision following that hearing had not been appealed***. *Id.* at 16a-17a & 75a-76a.

Prestige on Jefferson appealed to Common Pleas. RR at 71a-72a. The City filed a motion to quash the appeal, asserting that Common Pleas lacked jurisdiction over the appeal because the Board had decided the question of *nunc pro tunc* relief in 2020, and Prestige on Jefferson had not appealed that decision. *Id.* at 26a-30a. Common Pleas deferred ruling on the motion to quash so that both the appeal and the motion could be considered together. *See id.* at 50a-52a.

3

Common Pleas then scheduled a hearing at which it held oral argument and, over repeated objections from Prestige on Jefferson's counsel, took additional evidence in the form of live testimony from Komerian. RR at 129a-43a. Komerian's testimony consisted solely of answering questions from the Common Pleas judge. *See id.* at 135a-40a. Komerian stated that neither he nor his former attorney received notice of the scheduling of the Board hearing on the 2019 application for *nunc pro tunc* relief. *Id.* at 138a. Komerian further maintained that neither he nor counsel received notice of the Board's 2020 decision denying *nunc pro tunc* relief. *Id.* at 139a. Thus, current counsel argued that exceptional non-negligent circumstances entitled Prestige on Jefferson to *nunc pro tunc* relief.

The City opposed the request for *nunc pro tunc* relief and also offered argument in support of its motion to quash the appeal. The City posited that the Board's 2020 determination entering an order of *non pros* was the final determination in the case. Therefore, Prestige on Jefferson could not create a new right of appeal by submitting a new abatement application for the same project and based on the same 2017 building permit as the original application. The City contended that if Prestige on Jefferson believed it was entitled to *nunc pro tunc* relief, it had to request that relief by seeking to appeal the 2020 Board decision to Common Pleas, not by submitting a new abatement application and then trying to appeal to the Board from the denial of that application. Thus, the City maintained that the Board had properly refused to consider the 2023 appeal or hold a hearing and that Common Pleas lacked jurisdiction over the appeal of the Board's determination.

After the hearing and review of post-hearing memoranda from both parties, Common Pleas issued the following order:

> AND NOW, this 20th day of March 2024, upon consideration of the Appeal filed on behalf of Prestige

4

Design on Jefferson, LLC, ("Prestige [on Jefferson]") seeking review of the October 31, 2023 electronic communication that had been generated by the [Board], rejecting Prestige [on Jefferson]'s Application for *Nunc Pro Tunc* Appeal of the denial of Appellant's 2017 real estate tax abatement for the property located at 1441 N. 7th Street, Philadelphia, PA 19122, by the . . . OPA[], any responses thereto, and the City['s] Motion to Quash Prestige [on Jefferson's] Appeal, and the responses thereto, and of the oral arguments and testimony submitted on February 21, 2024, it is hereby ORDERED and DECREED that the Appeal of Prestige [on Jefferson] is DENIED for lack of merit.

It is further ORDERED and DECREED that the City['s] Motion to Quash is GRANTED, and the Appeal of Prestige [on Jefferson] is DISMISSED due to lack of subject matter jurisdiction and as an untimely filing of the subject appeal.

It is further ORDERED and DECREED that the contested [Board] and OPA adjudications are AFFIRMED.

RR at 156a-57a. Prestige on Jefferson then appealed to this Court.

## II. Issues

On appeal,[2] Prestige on Jefferson raises several issues, which we reorganize into three issues and summarize as follows.

---

[2] Where an agency record is insufficiently complete to allow a common pleas court to rule on the questions presented, the court may hold a *de novo* hearing and accept additional evidence. *See Churchill Cmty. Dev., LP v. Allegheny Cty. Health Dep't*, 225 A.3d 596, 605 (Pa. Cmwlth. 2019). Here, counsel for Prestige on Jefferson objected to Common Pleas' rather lengthy questioning of Komerian, but the judge explained that more information was needed in order to make necessary findings of fact. *See* RR at 137a (judge's explanation that "I'm trying to figure out what happened. So if you're coming to me in 2024 relative to an application abatement that should have been filed in 2017, so, there is quite a bit of ground to cover."). Moreover, Common Pleas also accepted additional documentary evidence at the hearing. *Id.* at 129a. Thus, the proceeding before Common Pleas constituted a *de novo* hearing. "Where the lower court has heard

5

First, Prestige on Jefferson asserts that its appeal to Common Pleas was proper and should not have been dismissed. Prestige on Jefferson insists that it followed the correct procedure for seeking *nunc pro tunc* relief in 2023, given its previous lack of awareness of the Board's 2020 hearing and resulting *non pros*.

Second, on the merits, Prestige on Jefferson contends that it is entitled to *nunc pro tunc* relief to allow an untimely tax abatement application. Prestige on Jefferson alleges that the OPA and the Board failed to send notices to the correct address, resulting in a breakdown of the administrative process and lack of notices concerning denial of the original application and the Board's subsequently scheduled 2020 hearing. Further, Prestige on Jefferson seeks *nunc pro tunc* relief from untimeliness, alleging non-negligent conduct of Komerian and Prestige on Jefferson's current counsel. Prestige on Jefferson points to the purported failure of a hired expediter and a previous attorney to make timely submissions on Prestige on Jefferson's behalf and the previous attorney's purported failure to supply the City with the correct address for service of notices.

Third, Prestige on Jefferson complains that the Common Pleas judge erred by questioning Komerian excessively at the hearing.

---

the case *de novo*, this Court's . . . review is [limited] to determin[ing] whether the facts found by the trial court are supported by competent evidence and . . . correct[ing] any conclusions of law erroneously made." *Med. Shoppe, Ltd. v. Wayne Mem'l Hosp.*, 866 A.2d 455, 459 n.10 (Pa. Cmwlth. 2005) (citing *Dep't of Transp., Bureau of Driver Licensing v. Boros*, 620 A.2d 1139 (Pa. 1993)).

### III. Discussion

### A. Common Pleas' Quashal of the Appeal

### 1. The City's Argument

At the hearing and argument before Common Pleas, the City explained at length its motion to quash Prestige on Jefferson's appeal to Common Pleas. RR at 130a-31a. We paraphrase the City's argument as follows.

The building permit concerning the Property was issued in 2017. Prestige on Jefferson did not submit a tax abatement application through its previous attorney until 2019. Based on the 60-day deadline for filing a tax abatement application after issuance of a building permit, the OPA denied the application as untimely. Prestige on Jefferson appealed the OPA's denial to the Board, seeking *nunc pro tunc* relief to allow an untimely tax abatement application. The Board scheduled a March 2020 hearing and mailed notice of the hearing to the address listed on the appeal as the mailing address.[3] No one appeared on behalf of Prestige on Jefferson at the Board hearing. The Board, therefore, entered an order dismissing the appeal. *See* RR at 17a & 39a.

More than three years passed. In October of 2023, having ostensibly just learned of the 2020 dismissal of its appeal to the Board, Prestige on Jefferson submitted a second untimely tax abatement application, which the OPA again denied. Prestige on Jefferson then filed a second appeal to the Board seeking relief *nunc pro tunc* to allow an untimely application. The Board explained in correspondence that it could not entertain the appeal because, having already entered an order denying such relief regarding tax abatement related to the Property in 2020,

---

[3] As set forth below, Prestige on Jefferson maintains that was not the correct address and that the Board should have mailed the notice to its previous attorney's office address as it appeared on his cover letter.

the Board lacked jurisdiction to revisit the matter. RR at 130a. Prestige on Jefferson appealed to Common Pleas from that correspondence.

The City then filed its motion to quash Prestige on Jefferson's appeal to Common Pleas, contending the Board correctly determined that it lacked jurisdiction to entertain Prestige on Jefferson's appeal from OPA's denial of the second application for tax abatement. The Board had already dismissed, in 2020, Prestige on Jefferson's appeal from the denial of its tax abatement application. The City posited that if Prestige on Jefferson believed the Board's 2020 order was in error such that Prestige on Jefferson was entitled to *nunc pro tunc* relief, the correct procedure was to appeal the Board's 2020 order to Common Pleas, which has jurisdiction over appeals from Board orders, in 2023, when Prestige on Jefferson allegedly learned about the Board's 2020 order. Prestige on Jefferson did not do that; instead, it appealed the wrong order. RR at 130a-31a & 133a.

## 2. Prestige on Jefferson's Argument

In response, Prestige on Jefferson argued before Common Pleas that no one on Prestige on Jefferson's behalf knew about the Board's 2020 hearing and subsequent order until October 2023. Prestige on Jefferson conceded that its previous attorney "mistakenly, admittedly" provided "a stale address" for Prestige on Jefferson when filing the initial petition for relief to the Board. RR at 131a. Prestige on Jefferson argued, however, that its previous attorney's office address was on his cover letter. *Id.* Thus, Prestige on Jefferson implied that the purported address error was that of the Board. *Id.*

Prestige on Jefferson also attempted to restart the appeal period to the Board in late 2023 by submitting a second abatement application, obtaining a second

8

denial from OPA, and then attempting to appeal that denial to the Board. At the hearing before Common Pleas, however, rather than acknowledging having submitted a second application for tax abatement relating to the Property based on the 2017 building permit, current counsel for Prestige on Jefferson misleadingly described events as follows:

> [W]hat must have happened, Judge, is we have been trying to clear up this [P]roperty and why there is no abatement on it. We have been waiting for the decision letter. So I have been communicating with the OPA about the decision. That is probably what triggered this October 27, 2023 letter denying the abatement, which I appealed immediately.
>
> So there is clear jurisdiction by the [Board]. It is not legally correct that there is no jurisdiction to the [Board]. It says on the letter itself: Appeals can be taken to the [Board] within 30 days, which I did. I appealed it within two days. And then [the Board] tells me, [o]h, sorry, Mr. DeMarco [(counsel for Prestige on Jefferson)]. Yeah, we know we issued you this letter, but, you know what? Forget the letter. We actually held a hearing three years ago and you didn't show. So we are not going to let you have a hearing. But that's completely contrary to the wording of the letter.

*Id.* at 132a. Not only was counsel's explanation contrary to the record, but it also mischaracterized the OPA's form letter denying tax abatement as a communication from the Board authorizing an appeal. Not misled by counsel's conflating of the OPA's October 27, 2023 denial form letter with the Board's subsequent emails explaining its refusal to entertain an appeal from that letter, Common Pleas initiated the following clarifying colloquy:

> THE COURT: Now, the letter that you're referencing, it's dated . . . October 27, 2023. So you're referencing the letter dated October 27, 2023.

9

MR. DEMARCO:  Right.

THE COURT:  Wherein, it's checked off **by the [OPA]** that the application for tax abatement of the above [P]roperty is denied because it's late.

MR. DEMARCO:  Exactly, Judge.

THE COURT:  Thereafter, you received the subject communication from the [Board], and . . . that communication from the [Board] from a Sara O'Connell, is []explaining, despite the new date of the [OPA denial] letter, we cannot accept the late abatement appeal.  And referencing the decision letter as to Application No: 25632, and indicating that it had already been appealed and had been scheduled for a hearing on March 10, 2020, and that because of the three-year time, it couldn't consider it as an abandonment lift.  That one, that's what we are talking about.

So when you filed the appeal, sir, you're appealing the [Board's] refusal and the denial of the application; do I understand that correctly?

MR. DEMARCO:  I believe so, Judge.  Obviously, Exhibit A was my **attempt to appeal the October 27, 2023 letter**. . . .

*Id.* (emphasis added).


### 3. Analysis

Common Pleas agreed with the City's argument that Prestige on Jefferson acted incorrectly by attempting to appeal to Common Pleas from the Board's 2023 email correspondence.  Common Pleas agreed that Prestige on Jefferson should, instead, have appealed to Common Pleas seeking *nunc pro tunc* relief, if supportable, from the Board's 2020 dismissal of the appeal from the OPA's initial denial of tax abatement.  We likewise agree and conclude that Common Pleas

10

did not err in dismissing Prestige on Jefferson's appeal from the Board's 2023 correspondence.

Regardless of when or how Prestige on Jefferson learned of the Board's dismissal of the initial appeal from the OPA's original denial of the tax abatement application, and regardless of who was at fault for any alleged delay in notification, the undisputed fact remains that Prestige on Jefferson certainly knew not later than late 2023 that the Board had held a hearing and dismissed Prestige on Jefferson's appeal of the OPA's determination in March 2020. ***That dismissal was never appealed.*** If Prestige on Jefferson had a supportable argument for *nunc pro tunc* relief, the correct procedure would have been an appeal to Common Pleas from the Board's 2020 dismissal, seeking such *nunc pro tunc* relief. Instead, Prestige on Jefferson attempted an end run around the Board's 2020 dismissal through the subterfuge of submitting a new tax abatement application to the OPA in 2023 for the same Property based on the same 2017 building permit. When the OPA, predictably, denied that application as untimely, Prestige on Jefferson filed an appeal to the Board. The Board properly refused to entertain that appeal because it had already dismissed Prestige of Jefferson's appeal in 2020. Notably, the Board did not issue a new order or other determination. Instead, recognizing that it had no jurisdiction to entertain another appeal of a tax abatement denial for the same Property, the Board merely sent two emails explaining why no appeal from the OPA's 2023 denial letter was possible. Prestige on Jefferson then compounded its previous misstep of failing to seek relief from the Board's 2020 dismissal. Instead of appealing to Common Pleas from the 2020 dismissal at that time and seeking *nunc pro tunc* relief, Prestige on Jefferson attempted to appeal from the Board's 2023 emails declining to entertain what was clearly an improper second appeal.

11

A party who has failed to meet a jurisdictional appeal deadline cannot restart the filing period by the subterfuge of trying to trigger a new decision on the same matter and then appealing the new decision. The doctrine of administrative finality, similar to the principles of issue and claim preclusion, forbids such a ploy. The doctrine of administrative finality "precludes a collateral attack of an administrative action where the party aggrieved by the action foregoes his statutory appeal remedy." *Potratz v. Pa. Dep't of Env't Prot.*, 897 A.2d 16, 19 (Pa. Cmwlth. 2006) (citing *Pa. Dep't of Env't Prot. v. Peters Twp. Sanitary Auth.*, 767 A.2d 601 (Pa. Cmwlth. 2001)); *accord Pickford v. Dep't of Env't Prot.*, 967 A.2d 414, 420 (Pa. Cmwlth. 2008) (concluding that, under the doctrine of administrative finality, an appellant who had failed to timely appeal the issuance of a DEP permit could not collaterally challenge that earlier DEP permit decision by trying to appeal from a subsequent letter that "merely affirmed the status quo of the permit[] issued"); *Appeal of Sgro*, 447 A.2d 325, 327 (Pa. Cmwlth. 1982) (concluding that "the appeal period was neither tolled nor started anew by the filing of the petitions for reconsideration, . . . nor was it restarted when they were denied"); *Strickler v. United Elevator Co.*, 391 A.2d 614, 617–18 (Pa. Super. 1978)[4] (explaining that the effect of failing to follow established procedures for an appeal from a final order waived any right to gain reconsideration through a collateral attack; to allow such circumvention "would undermine the validity of the appellate process and permit a party to escape the procedural requirements of perfecting an appeal").

Here, Prestige on Jefferson had a right to appeal from the denial of its tax abatement application in 2019. It also then had a right to appeal the Board's

---

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

2020 denial of *nunc pro tunc* relief to allow an untimely abatement application. Regardless of any issues of timeliness of such an appeal, however, Prestige on Jefferson's sole remedy was to seek to appeal the Board's 2020 decision to Common Pleas and to request *nunc pro tunc* relief to do so out of time if such relief was legally and factually supportable. Having failed to seek any appeal of the Board's 2020 decision, Prestige on Jefferson was precluded by the doctrine of administrative finality from mounting a collateral attack on that decision by starting the application process over, seeking a new denial of the tax abatement application from the OPA, and trying to appeal that denial to the Board. We, like Common Pleas, reject Prestige on Jefferson's attempt to evade the effect of the Board's 2020 dismissal of the appeal from the OPA's 2019 denial of tax abatement by eliciting a fresh denial of the same abatement and then trying to appeal to the Board from that denial. Accordingly, we discern no error in Common Pleas' dismissal of Prestige on Jefferson's appeal.

### B. Remaining Issues

Because we conclude that Common Pleas correctly dismissed Prestige on Jefferson's appeal for lack of jurisdiction, the remaining issues raised by Prestige on Jefferson before this Court are moot. We observe, however, that, having concluded it lacked jurisdiction to entertain Prestige on Jefferson's appeal, Common Pleas erred by also considering and deciding the appeal on its merits.[5] Accordingly, we vacate Common Pleas' denial of the appeal on the merits and affirmation of the Board's refusal to entertain an appeal.

---

[5] We recognize that Common Pleas was likely providing its disposition on the merits as an alternative, in the interest of judicial economy, in the event this Court determined that Common Pleas did have subject matter jurisdiction of Prestige on Jefferson's appeal.

13

## IV. Conclusion

Based on the foregoing discussion, we affirm the portion of Common Pleas' order that quashed the appeal of Prestige on Jefferson for lack of jurisdiction. We vacate that portion of Common Pleas' order that denied the appeal on its merits and affirmed the Board's refusal to entertain an appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of Prestige Design on Jefferson LLC | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Board of Revision of Taxes Philadelphia, School District of Philadelphia, and City of Philadelphia | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Appeal of: Prestige Design on Jefferson LLC | : | No. 343 C.D. 2024 |
| | : | |

**O R D E R**

AND NOW, this 27th day of August, 2025, the March 20, 2024 order of the Court of Common Pleas of Philadelphia County (Common Pleas) is AFFIRMED IN PART and VACATED IN PART. Common Pleas' quashal of the appeal for lack of subject matter jurisdiction is AFFIRMED. Common Pleas' denial of the appeal for lack of merit and affirmation of the refusal of Board of Revision of Taxes of the City of Philadelphia to entertain an appeal are VACATED.

_____
CHRISTINE FIZZANO CANNON, Judge