J-S16003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CALM PROPERTIES LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AZURE EDGE | : | |
| | : | |
| Appellant | : | No. 900 WDA 2025 |

Appeal from the Order Entered July 10, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-24-002044

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: May 27, 2026**

Azure Edge appeals, pro se, from the order, entered in the Court of Common Pleas of Allegheny County, granting summary judgment in favor of Appellee, Calm Properties LLC ("Calm"). We affirm.

Due to our disposition, we need not provide a lengthy recitation of the factual and procedural history of this matter. Briefly, on February 23, 2024, Calm filed a complaint against Edge for breach of contract and unjust enrichment in relation to an agreement for the sale of a property. Following procedural history not relevant here, on April 9, 2025, Calm filed a motion for summary judgment. On May 1, 2025, the court scheduled a hearing on the motion, to be held on June 26, 2025. Edge neither responded to the motion for summary judgment nor appeared at the hearing. Accordingly, on July 10, 2025, the trial court granted summary judgment in favor of Calm in the

amount of $156,896.94, plus interest and costs, and directed Edge to convey title to the property to Calm.

On July 24, 2025, Edge filed a notice of appeal to this Court, as well as a motion for reconsideration in the trial court. On August 25, 2025, more than 30 days after entry of the summary judgment order, the trial court purported to grant reconsideration. However, because more than 30 days had elapsed, the trial court was without jurisdiction to do so. *See* Pa.R.A.P. 1701(b)(3)(ii) (permitting trial court to grant reconsideration of order after appeal taken if application for reconsideration timely filed and order granting reconsideration filed within time proscribed for filing notice of appeal); *see also* Pa.R.A.P. 903(a) (requiring notice of appeal be filed within 30 days after entry of order from which appeal taken). On September 29, 2025, this Court entered an order that, inter alia, vacated the trial court's August 25, 2025 order granting reconsideration and remanded the case to the trial court for the issuance of a Pa.R.A.P. 1925(b) order directing Edge to file a concise statement of errors complained of on appeal. Upon receipt of the Rule 1925(b) statement, the trial court was directed to prepare a supplemental Rule 1925(a) opinion addressing the issues raised by Edge.

On remand, the trial court entered an order on October 20, 2025, directing Edge to file a Rule 1925(b) statement within 21 days, or by November 10, 2025. The trial court docket does not reflect that Edge filed a Rule 1925(b) statement of record. As such, this Court directed Edge to show cause why her appeal should not be dismissed. *See* Pa.R.A.P. 1925(b)(4)(vii)

(issues not included in concise statement deemed waived). Edge responded, indicating that she mailed her Rule 1925(b) statement to the trial court on October 27, 2025, and attached a mailing receipt reflecting that fact. Despite the fact that no concise statement appears on the trial court docket, the trial court indicated in its opinion that Edge filed the statement in the trial court on October 22, 2025. **See** Trial Court Opinion, 11/18/25, at 4-5. Thus, because Edge provided proof that she mailed the statement prior to the due date and the trial court indicated that the statement was timely filed, it appears that the failure to enter the concise statement on the docket was the result of a breakdown in court operations. Accordingly, we will not deem Edge's appellate claims waived for that reason. **See Commonwealth v. Hart**, 911 A.2d 939, 940-41 (Pa. Super. 2006) (non-compliance with Rule 1925 excused where error by clerk of courts caused breakdown in court operations).

Nevertheless, for other reasons, we are constrained to conclude that Edge has waived all of her claims on appeal. It is beyond cavil that issues not raised in the trial court are waived for purposes of appeal. **See** Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal). "An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court." **Commonwealth, Dep't of Transportation v. Boros**, 620 A.2d 1139, 1143 (Pa. 1993).

Here, the trial court granted Calm's motion for summary judgment after Edge failed to file a response to the motion or appear at the hearing.

- 3 -

Pennsylvania Rule of Civil Procedure 1035.3 provides, in relevant part, as follows:

> (a) [T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
>> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>>
>> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>>
>> . . .
>
> (d) Summary judgment may be entered against a party who does not respond.

Pa.R.C.P. 1035.3(a), (d).

Where a motion for summary judgment has been filed, a non-moving party bears the same responsibility as in any proceeding—to raise all defenses or grounds for relief at the first opportunity. *Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1105 (Pa. Super. 2000). A party who fails to raise such defenses or grounds for relief may not later assert on appeal that the trial court erred in failing to address them. *Id.*, citing *Dollar Bank v. Swartz*, 657 A.2d 1242, 1245 (Pa. 2000) (plaintiff against whom trial court entered summary judgment could not challenge entry of judgment on basis of legal argument it failed to present to trial court).

Here, where Edge failed to raise any defenses to Calm's motion for summary judgment in the trial court, she is prohibited from raising them for

the first time on appeal. **Harber**, **supra**. Accordingly, we affirm the order of the trial court granting summary judgment in favor of Calm.[1]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/27/2026

_____

[1] We note that Edge's appellate brief is devoid of citations to authority or to the record. "[W]hen issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

> Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon [an] appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**In re Ullman**, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted). Moreover, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). Because Edge has failed to properly develop her appellate claims, we could deem them waived for that reason, also.